Birchard, Judge.
The case of Smith v. The Commissioners of Portage county, 9 Ohio, 25, is cited to show, that if an auditor refuse, in a proper case, to give an order for fees due, he may be compelled to do it by mandamus.
Recognizing that authority in its fullest extent, the question arises, is this a proper case for its exercise ? The duty of the auditor is prescribed by the 12th section of the statute. Swan’s Stat. 109. He is to settle all accounts, debts and demands, justly chargeable against the county, and which are not directed by law to be settled and allowed *58 by some other person or tribunal, etc.; “ and for all demands against the county, the amount of which is fixed by law, he shall issue orders on the treasury of the county.” If the amount of this account is fixed by law, and within the meaning of the act, the writ prayed for should be allowed ; for, in that case, the duty to be performed would be merely ministerial, and a writ of mandamus would be a proper remedy. So, if vested with a discretion, the .officer should refuse to act. In this case, however, the auditor has acted by rejecting the account. The proper remedy, if the account be just, and the auditor authorized to audit it, is an action of assumpsit against the county. It can not be contended that the amount of the account is fixed by law, for the law only professes to fix the per diem at $2. This is but a rule for fixing the amount of the account; and whether it should be $84, or a less sum, depends entirely upon the amount of services performed.
The case, upon paper, shows a difference of opinion between the authorities of the county and the relator, respecting the amount of services rendered.
It is a question upon which the county has a right to be heard before a jury of the country. That right would be sacrificed by proceeding in this summary manner, were there no other obstacle in the way. But there is another objection. The eighth section of the act entitled “ an act for the election of county assessors,” (Swan’s [58 Stat, 78, sec. 8,) makes it the duty of each assessor, and deputy assessor, at the end of each week in which he shall have been engaged in the performance of his duty, to enter an account, in writing, of the number of days, or parts of .days, Iiq may have been engaged during the week, and at some stated meeting of the commissioners to present such original account to them; to testify, under oath, to the accuracy of the' account, and to answer such questions respecting the same as they may put to him. The auditor’s answer shows that the relator has totally neglected to comply with this part of his duty; and the relator is silent upon the subject. The amendatory act (Swan’s Stat. 79, sec. 11,) allows the $2 per day to the assessor and deputy only for each day that the county commissioners shall be satisfied “ they were employed in the discharge of the duties required of them by law.”
These statutes show that this proceeding was instituted under a misapprehension of the duties of the county auditor. The account must be acted upon by the commissioners of the county, and they must be satisfied of the performance of the service, before the auditor *59 can legally issue any order upon the treasury. The case made, as we understand the law, would not sustain an action against the county. Much less this proceeding.
The board of commissioners must first act in the matter: That is the tribunal which the law has provided for settling the question; and when adjudicated there, the decision will be final, unless vacated by an appeal to the court of Common Pleas, as provided for in Swan’s Stat. 207, see. 16.
In this ease the writ can not be allowed.
Judgment accordingly.